IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BERNARD S. MAXWELL | § | |
| VS. | § | CIVIL ACTION NO.   1:03-CV-1418 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION

Petitioner Bernard S. Maxwell, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background and Procedural History

Petitioner is in custody pursuant to a judgment entered in the 252nd Judicial District Court of Jefferson County, Texas.  Petitioner was convicted of possessing between 50 and 2000 pounds of marijuana.  On March 8, 1999, petitioner was sentenced to twenty years of imprisonment and fined $100,000.  The judgment was affirmed by the Ninth Court of Appeals.  The Texas Court of Criminal Appeal granted discretionary review and affirmed the conviction.  *Maxwell v. State*, 73 S.W.3d 278 (Tex. Crim. App.), *cert. denied*, 537 U.S. 1051 (2002).

Petitioner filed a state application for writ of habeas corpus.  On March 17, 2004, the Texas Court of Criminal Appeals denied the application on the findings of the trial court without a hearing.

<u>The Petition</u>

Petitioner contends that his attorney provided ineffective assistance during a suppression hearing by waiving one or more of petitioner's Fourth Amendment claims, and by improperly litigating the claims that were raised.[1]

<u>Analysis</u>

A review of petitioner's state court records shows that petitioner did not raise his ineffective assistance of counsel claims in any of his prior pleadings in state court.  As these issues were never presented to the Texas Court of Criminal Appeals, they are not exhausted.  *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

Federal habeas review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously denied relief based on a state procedural default.  *Meanes v. Johnson*, 138 F.3d 1007, 1010 (5th Cir. 1998).  Federal review is also barred:

> if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.  In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

*Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

If petitioner were to present the unexhausted claim to the Texas Court of Criminal Appeals, the Court would not consider the merits of the claim.  State law prohibits Texas courts from considering the merits of, or granting relief, based on a subsequent writ application filed after the

---

[1] Petitioner previously dismissed this claim because it was unexhausted. Petitioner's remaining claims were denied on the merits. After the final judgment was entered, petitioner requested reconsideration of the ineffective assistance of counsel claim. Petitioner asserted, without supporting evidence, that the claim was exhausted while this petition was pending. Petitioner was granted relief to the extent that the case was reopened for consideration of the ineffective assistance of counsel claim.

final disposition of the inmate's first application unless he demonstrates cause or actual innocence. TEX. CODE CRIM. PROC. art. 11.07 § 4; *see Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("[T]he Texas abuse of the writ doctrine prohibits a second habeas petition, absent a showing of cause, if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition.").

Where a state prisoner has defaulted his federal claims in state court by failing to follow applicable state procedural rules, the claims may not be reviewed in federal court unless the prisoner demonstrates cause for the default and actual prejudice as a result of the alleged error. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). To show cause for the procedural default, the prisoner must establish that some objective factor external to the defense impeded his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996), *cert. denied,* 519 U.S. 1093 (1997). If the petitioner fails to show cause for the procedural default, the court need not consider whether he was prejudiced. *Meanes*, 138 F.3d at 1011.

Petitioner has not met his burden. He has not shown cause for the procedural default because he could have raised the ineffective assistance of counsel issues in his first state habeas application. Because he has not shown cause, it is not necessary to consider whether he was prejudiced by the alleged errors.

A petitioner who fails to establish cause for the procedural default may be entitled to habeas relief if he shows that imposition of the procedural bar would constitute a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, petitioner has not demonstrated that the failure to consider the defaulted ineffective assistance of counsel issues in this proceeding will

result in a fundamental miscarriage of justice.  Therefore, this exception to the procedural bar does not apply, and the merits of his new claims may not be considered in a federal habeas proceeding.

Conclusion

The ineffective assistance of counsel claims should be dismissed because they are procedurally barred.  A final judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this the 8  day of **February, 2008.**


Thad Heartfield
United States District Judge